UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE O. WALKER                                                     CIVIL ACTION

VERSUS                                                              NO. 12-1126

WALLY CUMMINS ET AL.                                                SECTION "G" (2)

# FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Jesse O. Walker, was an inmate incarcerated in the Washington Parish Jail. Plaintiff filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging claims concerning unsanitary conditions of confinement, inadequate medical care and failure to protect inmates. The complaint seeks injunctive relief. Record Doc. No. 1, Complaint at ¶¶ IV and V.

On June 4, 2012, the court was advised by the Washington Parish Sheriff's Office that plaintiff had been released from incarceration on May 12, 2012. Record Doc. No. 3 (Inmate Account Certification). Accordingly, staff of the undersigned magistrate judge inquired and the Warden of the Washington Parish Jail provided the court with plaintiff's forwarding address. Record Doc. Nos. 3 and 4. Thereafter, in response to the court's orders sent to plaintiff at the forwarding address provided by the warden, plaintiff filed a written statement of facts and a list of witnesses and exhibits. Record Doc. Nos. 7, 8 and 9.

By order dated August 7, 2012, Record Doc. No. 10, a preliminary conference was scheduled in this case on September 20, 2012. The purpose of the conference was to examine the basis of plaintiff's claims; to conduct the hearing authorized by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny; and to select pretrial and trial dates, if appropriate. The Clerk was directed to send a copy of this order to plaintiff at (1) the forwarding address for plaintiff previously provided to the court by the warden and (2) the address indicated on the envelope used by plaintiff to mail his written statement of facts and list of witnesses and exhibits to the court. Record Doc. Nos. 9 and 10. This order has not been returned to the court and, as set out in the court's order, plaintiff contacted the court by telephone and made arrangements with my staff to participate in the conference on September 20, 2012 by telephone. At the time of the conference on September 20, 2012, counsel for defendants appeared via telephone, but plaintiff failed to appear, either in person or by telephone, or to contact the court in any way. Although my staff placed two calls to the telephone number at which plaintiff had advised the court he could be reached for the conference, plaintiff was not available.

Because plaintiff failed to participate in the conference on September 20, 2012, by order issued that date, plaintiff was required to appear before me on September 27, 2012, in person, to show cause why he failed to participate either in person or by telephone in the September 20, 2012 conference. Plaintiff was specifically instructed that

failure to appear on September 27, 2012 as ordered would result in a report and recommendation that his case be dismissed for failure to prosecute. Record Doc. No. 12. This order was mailed to plaintiff at (1) the forwarding address for plaintiff previously provided to the court by the Warden and (2) the address indicated on the envelope used by plaintiff to mail his written statement of facts and list of witnesses and exhibits to the court. At the time of the conference on September 27, 2012, plaintiff again failed to appear in person or contact the court in any way.

No mail addressed to plaintiff has been returned to the court. However, all litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated April 9, 2012, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI (2).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the

sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's August 7 and September 20, 2012 orders to participate in a conference with the

court clearly reflects a failure on the part of plaintiff to prosecute. Thus, the record establishes that plaintiff has failed to comply with two (2) court orders. This record of several failures to comply with the court's orders establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Jesse O. Walker be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___27th___ day of September, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

**CLERK TO NOTIFY PLAINTIFF
AT THE FOLLOWING ADDRESSES:**

**JESSE O. WALKER
43382 CUMNOCK ROAD
FRANKLINTON, LA 70438**

**JESSE O. WALKER
23793 HWY. 430, UNIT 108
FRANKLINTON, LA 70438**

**AND**

**GARY L. HANES
TALLEY, ANTHONY, HUGHES & KNIGHT, LLC
2250 7TH ST.
MANDEVILLE, LA 70471**